**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CARIBE TECNO, CRL**<br><br>Plaintiff<br><br>v.<br><br>**NADLER MOBILE, LLC d/b/a NADLER MODULAR**<br><br>Defendant | CIVIL NO.<br><br>RE: BREACH OF CONTRACT; COLLECTION OF MONIES<br><br>(DEMAND FOR JURY TRIAL) |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, Caribe Tecno, CRL ("Caribe Tecno"), by and through its undersigned legal counsel, and respectfully avers and prays as follows:

**I.   THE PARTIES**

1. Plaintiff, Caribe Tecno, CRL, is a limited liability company organized and existing under the laws of the Commonwealth of Puerto Rico, with principal offices at 1254 Franklin D. Roosevelt Ave., San Juan, PR 00920.

2. Defendant Nadler Mobile, LLC, doing business as Nadler Modular ("Nadler"), is, upon information and belief, a for-profit limited liability company organized under the laws of the State of New York, with principal place of business at 400 Rella Blvd., Suite 110, Suffern, NY 10901. Nadler is authorized to do business in Puerto Rico as of December 1, 2021, and its resident agent is Resident Agents, LLC, with principal offices at 165 Ponce de León Ave., Suite 201, San Juan, PR 00917.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction in this action pursuant 28 U.S.C. § 1332(a)(1) because Caribe Tecno is a citizen of the Commonwealth of Puerto Rico, and Nadler Modular is a citizen of the State of New York, and therefore, there is complete diversity. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the acts, omissions and breaches underlying the claims set forth herein occurred within the District of Puerto Rico.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

5. On October 26, 2021, Nadler issued a Quotation to Caribe Tecno (the "Quotation") to supply, deliver, and install a Trailer Village at the Veterans Affairs Medical Center in San Juan, Puerto Rico (the "Project") for the sum of $1,054,882.00. The Project included a total of sixteen (16) modular office units that Nadler was required to supply, deliver to San Juan, Puerto Rico, and install at the designated VA facilities in San Juan, Puerto Rico, including all setting, leveling, anchors and seams, as set forth in the Quotation. Nadler also contracted to construct a covered walkway approximately 8 feet wide and 130 feet long.

6. Also on October 26, 2021, Caribe Tecno accepted the Quotation and authorized Nadler to commence the fabrication process. Upon Caribe Tecno's acceptance of the Quotation, it became the contract between the parties (the "Contract"). As per the Contract, all installation would be completed and accepted by the owner, the Department of Veterans Affairs (the "VA"), no later than January 2022.

7. Despite the terms of the Agreement, modular units began to arrive at the VA facility on January 11, 2022, and Nadler delivered the last unit to the facility on February 28, 2022, clearly in violation of the agreed-upon completion date.

8. On January 4, 2022, Nadler delivered Invoice #12345 to Caribe Tecno in the amount of $931,882.00. On February 24, 2022, Caribe Tecno delivered payment to Nadler for $730,226.00. On March 28, 2022, Nadler delivered to Caribe Tecno a second Invoice #12345, dated February 1, 2022, in the amount of $201,656.00. On May 2, 2022, Caribe Tecno delivered payment to Nadler for $151,656.00, and retained the sum of $50,000.00 to cover the estimated cost of pending work. In total, Caribe Tecno has paid Nadler $881,882.00.

9. The first eight (8) modular units, which arrived at the Port of San Juan on December 22, 2021, were not transported to the VA facility until January 11, 2022, due to substantial damage during transport to San Juan. The last modular unit arrived on site on February 28, 2022, one month after the Project should have been 100% completed and accepted by the owner.

10. Upon receipt of the units, Caribe Tecno discovered that Nadler had failed to deliver several components that were key to proper installation of the delivered goods.

11. Throughout February and March 2022, months after the Project should have been completed, Caribe Tecno continued to discover missing parts and components, and additional damage to the units that Nadler had supplied and delivered.

12. As a condition for acceptance of the Project, the VA delivered a list of pending items of work to Caribe Tecno on June 21, 2022 (the "Punch List"). In addition to pending or non-compliant work, the Punch List pointed to Nadler's failure to submit

3

calculations to validate that the air conditioning system was compliant with applicable design criteria.

13. Caribe Tecno sent the Punch List to Nadler for appropriate action. However, Nadler did not perform as required under the Contract.

14. As a direct result of Nadler's failure to execute the Punch List items, Caribe Tecno was required to invest time and resources to correct or repair work that had been contracted to Nadler.

15. After Caribe Tecno completed several items of work included in the Punch List, the Owner accepted the Project on July 14, 2022.

16. However, at the time there were still other items of Work that had not been properly performed. As a direct result of Nadler's failure to execute the pending Punch List items, Caribe Tecno completed the remaining Punch List items.

17. In addition, after final acceptance of the Project by the VA, Caribe Tecno has been forced to invest substantial resources to perform corrections and repairs that should have performed by Nadler under warranty.

18. As a result of Nadler's multiple failures to perform and its breach of material terms of the Contract, Caribe Tecno was required to invest its own funds to achieve final completion and acceptance of the Project, as set forth below.

| Bare costs incurred by Caribe Tecno to correct Nadler's failure to perform ||
|---|---|
| Item of work | Bare Costs |
| Repair damaged units. | $ 3,367.72 |
| Non-compliance with specifications, procure missing components, including without limitation, receptacles, structural beams, mop sink, expansion tank, lamps, and drains. | $ 16,096.54 |

| | |
|---|---|
| Procure materials and complete work contracted to Nadler, including, without limitation, trailer assembly, interior work, walkway construction, and canopy roofing | $ 239,827.87 |
| Actual and anticipated costs resulting from Nadler's failure to provide certified design calculations and perform warranty work. | $ 68,766.20 |
| **Total** | **$ 328,058.33** |

19. As a result of Nadler's breach of its contractual obligations toward Caribe Tecno, Plaintiff has incurred actual bare expenses in the amount of $328,058.33.

20. On December 1, 2022, in partial admission of its breach of contract, Nadler applied a credit to Caribe Tecno's alleged debt in the amount of $71,439.29, to cover the bare cost of a portion of the installation work performed by Caribe Tecno, which had been contracted to Nadler. This amount is clearly insufficient to cover the costs incurred and damages to Caribe Tecno.

21. As set forth above, Nadler is indebted to Caribe Tecno in the amount of $328,058.33, plus attorneys' fees, court costs and pre-judgment interest.

**IV.   FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

22. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 – 21, above, as if fully restated herein.

23. Caribe Tecno and Nadler entered into a written agreement for the supply, delivery and installation of certain goods, which Caribe Tecno accepted and executed in Puerto Rico (the "Contract").

24. Caribe fully performed its obligations toward Nadler under the parties' agreement.

25. Nadler had a duty to comply with the terms and conditions of the Contract. Among other items, Nadler materially breached the contract in the following instances: (i)

failure to deliver the goods in a timely manner; (ii) failure to deliver the goods in acceptable "new" condition; (iii) failure to provide all components and accessories needed to install the goods as contracted; (iv) failure to provide competent personnel to install the goods; (v) failure to provide necessary information and documents.

26. As a direct and proximate result of Nadler's material breach, Caribe Tecno was forced to expend $328,058.33 to correct Nadler's non-compliance, which constitute contractual damages to be compensated by Nadler, in addition to accrued interest, attorneys' fees and court costs, which claim shall be reduced by $50,000.00 to compensate for the amount already retained by Caribe Tecno.

**V.   SECOND CAUSE OF ACTION – COLLECTION OF MONIES**

27. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 – 26, above, as if fully restated herein.

28. Nadler owes Caribe Tecno the sum of $328,058.33 for work performed and materials purchased by Caribe Tecno as a result of Nadler's negligent performance, which claim shall be reduced by $50,000.00 to compensate for the amount already retained by Caribe Tecno.

29. Nadler has failed to pay Caribe Tecno the net sum of $278,058.33. To the contrary, Nadler has made a claim against Caribe Tecno in the amount of $101,560.71.

30. The amount claimed herein by Plaintiff is due, demandable and payable.

31. As a result of Nadler's failure to pay Caribe Tecno, it owes Plaintiff the total amount of $278,058.33, plus accrued interest, attorneys' fees and court costs.

32. Jury trial is demanded.

**WHEREFORE,** plaintiff Caribe Tecno demands that judgment be entered against defendant costs andular, LLC, ordering defendant to pay Caribe Tecno: $278,058.33 for costs incurred by Caribe Tecno as a direct and proximate result of Nadler's defective performance, plus accrued interest until full payment; and attorneys' fees and court costs, and granting Caribe Tecno any other relief as may be proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this **15th** day of June, 2023.

**CERTIFICATE OF FILING**: I hereby certify that on this date, I electronically filed the foregoing documents through the Court's CM/ECF system, which will send notification of such filing to all participating parties in the case.

**Q.R. & ASOCIADOS, LLC**
252 Ponce de León Ave., Suite 901
San Juan, PR 00918
Tel.: (787) 994-6781


**/s/ Hilda Quiñones Rivera**
HILDA QUIÑONES RIVERA
hquinones@qralaw.com
USDC 218201